**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-60523
Summary Calendar

ERIC STE'PHON STEWART,

Plaintiff-Appellant

v.

AMANDA L WILLIAMS; JULIUS WILLIAMS; TONJA JACKSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-161

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eric Ste'phon Stewart, Mississippi prisoner # 21112, appeals the sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 of his 42 U.S.C. § 1983 claim against three individuals for fraud and embezzlement of his social security and disability payments. The district court determined that Stewart failed to state a claim because he had not alleged that any of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants acted as state actors, as required by § 1983. The district court further determined that even if Stewart had asserted a viable state law claim, that the court did not have subject matter jurisdiction over the case because all parties were citizens of Mississippi, thereby destroying diversity. *See* § 1332.

Stewart has failed to adequately brief both bases for the district court's dismissal, and, as such, he has abandoned these claims. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, this appeal is without arguable merit, is frivolous, and is dismissed. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Stewart has also filed a "Motion Requesting the Release of Social Security Records," a "Request for Summary Judgment" and a "Request for a[n] Attorney." In light of the foregoing, these motions are denied.

Finally, this court's dismissal of the instant appeal counts as a strike for purposes of § 1915(g) as does the strike imposed by the district court. R. 54. Stewart is warned that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

DISMISSED; DENIED; SANCTION WARNING ISSUED.